UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVER KARAFILI,<br><br>                      Petitioner,<br><br>    v.<br><br>JAMES TILTON,<br><br>                      Respondent. | Civil No.   07cv1372-BEN (NLS)<br><br>**ORDER ADOPTING IN PART AND DEFERRING IN PART REPORT AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS** |

      Petitioner Enver Karafili has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"), challenging his state court conviction for attempted murder and assault with a firearm. Karafili is currently serving a term of life imprisonment with the possibility of parole plus twenty-five years. Respondent filed a motion to dismiss the Petition asserting that the Petition is barred by the federal one-year statute of limitations. Karafili argues that he is entitled to equitable tolling because mental incapacity prevented him from timely filing the Petition. The Magistrate Judge issued a Report and Recommendation recommending that the motion to dismiss be deferred, counsel be appointed for Petitioner to engage in discovery, and the record be expanded. Neither party has filed Objections to the Report and Recommendation. For the reasons that follow, the Report & Recommendation is adopted in part and deferred in part.

      Title 28 U.S.C. § 636 (b)(1)(C) provides: "A judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or

recommendations to which objection is made." Thus, the governing statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."); *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) (*de novo* review is only required when an objection is made).

In this case, there is no dispute that the Petition is untimely. As the Magistrate Judge correctly found, the statute of limitations ran out for Karafili on January 29, 2003. The Petition was not filed until July 22, 2007 – four and one-half years late. Moreover, the Magistrate Judge correctly determined that Karafili is not entitled to statutory tolling to save his Petition. The Magistrate Judge also correctly concludes that the materials submitted by Karafili do not support a finding of mental illness during the critical time when the statute of limitations clock was running, sufficient to warrant equitable tolling. However, the Magistrate Judge correctly points out that Karafili presents a case for expanding the evidentiary record prior to deciding the petition, pursuant to *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003).

*Laws* holds that when a petitioner submits an un-rebutted allegation in a verified complaint that he was mentally incompetent during the statute of limitations period, the district court is required to allow discovery or permit expansion of the record. *Id.* at 924. That is the case here. In addition to his verified Petition, Karafili has submitted documents that indicate he is currently suffering from severe depression with psychotic features, and that his condition may be long-standing. Because there are no documents before the Court indicating his mental condition during the 2002 to 2003 time period when the statute of limitations was running, the evidentiary record must be expanded. Since Karafili has been in the custody of the California Bureau of Prisons during the entire relevant period, Respondent is in the best position to search for and present to this Court any of Karafili's prison records, medical or otherwise, that would tend to indicate Karafili's mental condition during the running of the statute of limitations. Such documents may, of course, pre-date or post-date the relevant period of January 30, 2002 to January 29, 2003. The Court defers adopting the Magistrate Judge's recommendation to appoint counsel and declines to hold an evidentiary

hearing pending the results of the expanded record. *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2001) (a need for an evidentiary hearing may be obviated by expansion of the record).

**CONCLUSION**

Accordingly, Respondent's Motion to Dismiss is denied without prejudice. *Laws*, 351 F.3d at 924 (reversing dismissal of habeas petition and remanding for expansion of the record). If, after expansion of the record, it appears that Petitioner cannot meet his burden to demonstrate a mental condition or defect sufficient to qualify as extraordinary circumstances which would warrant equitable tolling, Respondent may re-file a motion to dismiss, as set forth below.

The Magistrate Judge's recommendation to expand the record is adopted. Pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent is directed to expand the record by searching for, and lodging with the Court, copies of any documents in the custody of the California Department of Corrections which tend to indicate Karafili's mental condition during the time period when the federal habeas statute of limitations was running. *See also Laws*, 351 F.3d at 924 (district court should have allowed discovery or expansion of the record pursuant to Rules 6 and 7). Respondent shall do so within 45 days of this Order.

Within thirty days after said documents are lodged, Petitioner may admit or deny the correctness of any of the newly lodged documents.

Thirty days following the time for Petitioner to admit or deny the correctness of the lodged documents, Respondent may re-assert its motion to dismiss or alternatively file an Answer to the Petition (according to Rule 5 of the Rules Governing Section 2254 Cases).

**IT IS SO ORDERED**.

DATED: September 8, 2008

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE