FILED
09 MAR -6 AM 9:41
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVER KARAFILI,<br><br>               Petitioner,<br>v.<br><br>JAMES TILTON,<br><br>               Respondent. | CASE NO. 07cv1372-BEN (NLS)<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY** |

      On February 4, 2009, the Court dismissed Petitioner's Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254. Petitioner has filed a Notice of Appeal.

      A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show (1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (*citing Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright*, 220 F.3d at 1025 (*quoting Barefoot*, 463 U.S. at 893 n.4).

      Petitioner's action was dismissed for violating the one-year statute of limitations period of 28 U.S.C. § 2244(d). The Petition was filed more than four years late. The Court has fully reviewed the

1 legal issues raised by Petitioner and concludes that the claims are not debatable among reasonable
2 jurists and do not deserve further encouragement.

3     Petitioner further argues that the Court erred in denying Petitioner an evidentiary hearing on
4 his claim of equitable tolling. An evidentiary hearing is not necessary if the court has sufficient facts
5 before it to fully and fairly rule on the merits of the claims. *Blackledge v. Allison*, 431 U.S. 63, 74-81
6 (1977); *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000). The factual basis for Petitioner's
7 equitable-tolling claim was fully developed in the enlarged record pertaining to Petitioner's mental
8 condition during the limitations period. Therefore, the Court's denial of Petitioner's request for an
9 evidentiary hearing was proper. Thus, the Court finds that Petitioner has not made a substantial
10 showing of the denial of a constitutional right with respect to this claim and denies a certificate of
11 appealability for this claim. To the extent that Petitioner renews his motion for an evidentiary hearing
12 in this Court, the Court denies the motion.

13     Petitioner also contends that he should have been granted assistance of counsel for the purposes
14 of the habeas corpus proceedings. There is no Sixth Amendment right to counsel in a habeas corpus
15 action brought by a state prisoner. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (per
16 curiam). Congress vested appointment of counsel in habeas proceedings within the discretion of the
17 district court. 18 U.S.C. § 3006A(a)(2)(B). When no evidentiary hearing is held, a district court does
18 not abuse its discretion in denying a motion to appoint counsel. *Knaubert*, 791 F.2d at 728. The Court
19 never issued an order requiring an evidentiary hearing on the Petition. As such, reasonable jurists
20 could not disagree as to whether the Court abused its discretion in denying Petitioner appointed
21 counsel. Thus, the Court finds that Petitioner has not made a substantial showing of the denial of a
22 constitutional right with respect to this claim and denies a certificate of appealability for this claim.
23 //
24 //
25 //
26 //
27 //
28 //

Petitioner's request for appointment of counsel on appeal, however, is best directed to the Ninth Circuit Court of Appeals. Therefore, on the basis of the foregoing, the Court **DENIES** Petitioner's application for certificate of appealability. The Court **DENIES** Petitioner's renewed motion for an evidentiary hearing in this Court. The Court further **DENIES without prejudice** Petitioner's motion for appointment of counsel and directs Petitioner to renew his motion for appointment of counsel before the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

DATED: 3/06/09

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE